# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ALBERT LACY,**
**Claimant below, Petitioner**

**vs.)    No. 22-ICA-148**      (BOR Appeal No. 2058220)
                              (JCN: 2021017263)

**CHARLESTON-KANAWHA HOUSING AUTHORITY,**
**Employer below, Respondent**

## MEMORANDUM DECISION

Petitioner Albert Lacy appeals the August 18, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Charleston-Kanawha Housing Authority filed a timely response.[1] Petitioner filed a reply. The issue on appeal is whether the Board erred in affirming the Office of Judges' ("OOJ") order affirming the claim administrator's decision to deny physical therapy for Mr. Lacy's lumbar disc disorder with radiculopathy and lumbar spinal stenosis.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Relevant to this appeal, Mr. Lacy suffered a work-related injury to his lumbar spine in 2008. On March 6, 2008, Mr. Lacy underwent an independent medical evaluation ("IME") performed by Paul Bachwitt, M.D., who noted that X-rays revealed degenerative changes at multiple levels in Mr. Lacy's lumbar spine.

Regarding the instant claim, on February 12, 2021, Mr. Lacy, a maintenance technician for the employer, sustained a work-related injury when he slipped on ice and fell while retrieving a ladder from his vehicle. He sustained injuries to his left shoulder, head, wrist, knee, leg, ankle, and foot. Several days later, Mr. Lacy presented to the emergency room with complaints of pain and weakness. A CT scan of the head and cervical spine were negative for acute abnormalities. X-rays of the left wrist showed mild to

---

[1] Petitioner is self-represented. Respondent is represented by Charity K. Lawrence, Esq.

1

moderate degenerative changes, and X-rays of the left shoulder showed acromioclavicular degeneration, mild degeneration of the superior lateral humeral head, and a probable rotator cuff tear. On February 25, 2021, Clark Adkins, M.D., examined Mr. Lacy and diagnosed left wrist contusion/hematoma and left shoulder contusion/hematoma. Dr. Adkins did not believe surgery was necessary and recommended physical therapy. By order dated March 4, 2021, the claim administrator held the claim compensable for contusion of the left shoulder, left knee, and left wrist. It does not appear from the record that Mr. Lacy ever contested this order.

Subsequently, Mr. Lacy was seen by Darshan Dave, M.D., in March of 2021. Mr. Lacy reported left-sided weakness in his extremities, difficulty ambulating, paresthesia of both feet with throbbing pain, neck and back pain that radiated into his extremities, memory loss, and seizure-like activity. Dr. Dave diagnosed back pain with radiculopathy, cervical radiculopathy, "fall due to ice and snow," paresthesia of skin, memory loss, altered consciousness, weakness, essential primary hypertension, atrial fibrillations, and chronic kidney disease. Dr. Dave ordered a lumbar and cervical MRI and ordered Mr. Lacy to continue with physical therapy, which he had been doing since the injury. EMG testing and a repeat CT scan was also ordered due to Mr. Lacy's memory loss, which was felt to be related to either post-concussion syndrome or age-related cognitive decline, as Mr. Lacy was in his seventies at the time of the injury. The repeat CT scan again showed no acute abnormalities.

On April 1, 2021, Mr. Lacy returned to see Dr. Adkins and complained of difficulty ambulating, as well as pain in his left wrist, left shoulder, left hip, and left knee. X-rays of the wrist showed severe pantrapezial arthritis and a degenerative cyst. X-rays of the pelvis and left hip showed mild arthritis. Dr. Adkins diagnosed left wrist contusion/hematoma, left wrist primary osteoarthritis, left shoulder impingement syndrome, right knee primary osteoarthritis, and left knee primary osteoarthritis. Dr. Adkins opined that Mr. Lacy would eventually require a knee replacement but stated that surgery was not needed for Mr. Lacy's left hand or hip. He recommended continued physical therapy.

On April 4, 2021, Mr. Lacy underwent an MRI of the spine. The cervical MRI showed degenerative changes and no evidence of acute process. The lumbar MRI revealed advanced lumbar spondylosis with multiple levels of moderate to severe stenosis. The thoracic MRI revealed degenerative joint disease. On April 5, 2021, Mr. Lacy was seen by John Orphanos, M.D. Dr. Orphanos noted that the lumbar MRI revealed evidence of multilevel moderate to severe stenosis, which was thought to be chronic. Dr. Orphanos was unsure if the stenosis was responsible for his acute symptoms and recommended conservative care, including physical therapy. The EMG testing was performed later in April of 2021, and revealed sensory-motor axonal polyneuropathy, chronic neurogenic denervation suggestive of cervical polyradiculopathy, and chronic neurogenic denervation suggestive of lumbar polyradiculopathy.

On April 26, 2021, Dr. Dave submitted a request for physical therapy two to three times per week for four to six weeks for Mr. Lacy's lumbar disc disorder with radiculopathy and lumbar spinal stenosis. By order entered on May 3, 2021, the claim administrator denied Dr. Dave's request for physical therapy on the basis that the lumbar spine was not a compensable component of the claim. Mr. Lacy filed a grievance, and the Encova Select Grievance Board issued a determination on June 23, 2021, affirming the denial. That same day, the claim administrator issued another order denying the request for physical therapy based on the Grievance Board's findings.

On July 16, 2021, Mr. Lacy underwent an IME performed by Syam Stoll, M.D. Dr. Stoll reviewed Dr. Adkins' notes, as well as the left shoulder MRI, and opined that Mr. Lacy had extensive preexisting joint disease and a tear of the supraspinatus muscle with atrophy. According to Dr. Stoll, these were chronic conditions and not due to an acute injury. In Dr. Stoll's opinion, the medical documentation did not support a discrete new injury beyond the accepted condition of a contusion. Dr. Stoll stated that Mr. Lacy should complete his current course of physical therapy, but that no additional treatment beyond that was recommended.

On September 13, 2021, Michael Condaras, M.D., completed a review of the matter and issued a recommendation. Dr. Condaras recommended that the request for physical therapy be denied as the lumbar spine was not an accepted compensable condition in the claim. He agreed with Dr. Stoll's assessment that Mr. Lacy's chronic lumbar back pain predated the injury.

By order dated April 6, 2022, the OOJ affirmed the claim administrator's order denying physical therapy for the lumbar spine. The OOJ noted that the only compensable conditions in the claim were contusions of the left shoulder, left knee, and left wrist. As such, the OOJ found that Mr. Lacy was entitled to treatment for these three conditions only, and the claim administrator was not required to provide treatment for conditions that were not compensable. The OOJ further found that the medical evidence demonstrated that Mr. Lacy had preexisting osteoarthritis in his low back and knee, as well as other parts of his body, and that his arthritis was not attributable to the injury that occurred. The OOJ observed that arthritis would have taken substantially longer to develop. Indeed, Dr. Bachwitt's report from the 2008 injury demonstrated that Mr. Lacy had degenerative changes in his lumbar spine years before the instant injury occurred.

Moreover, the OOJ noted that Mr. Lacy did not initially report an acute injury to his lower back. Rather, he reported chronic low back pain, which is indicative that he had pain prior to the injury. In fact, no CT scans of Mr. Lacy's lumbar spine were performed when he initially presented for treatment. The OOJ noted that it was not until a month after the accident that Dr. Dave requested a lumbar MRI due to left leg weakness. However, Dr. Orphanos reviewed the MRI and found that it demonstrated multilevel moderate to severe stenosis, which is a chronic finding, and not attributable to the injury. The OOJ lastly noted

that the medical evidence demonstrated that Mr. Lacy suffered from polyneuropathy, which could explain his lower extremity weakness, but that this condition was found to be related to his diabetes and not the work-related injury. Accordingly, the OOJ concluded that the claim administrator did not improperly deny physical therapy for the non-compensable lumbar spine. On August 18, 2022, the Board adopted the findings of fact and conclusions of law of the OOJ and affirmed its order. Mr. Lacy now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __W. Va.__, __, __S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

At the outset we note that Mr. Lacy's arguments on appeal are either undecipherable or outside the scope of the Board's August 18, 2022, order on appeal. That order solely decided the issue of whether the claim administrator erred in denying Mr. Lacy physical therapy for his lumbar spine conditions and, as such, consideration of his arguments in this appeal are limited to that issue alone. Regarding this issue, Mr. Lacy argues that he is entitled to receive necessary treatment promptly and that the employer has "failed and refused, to invest the time and effort required to acknowledge, examine[,] diagnose[,] and treat him with respect to existing serious medical problems and concerns."

Upon review, we find no error in the Board's order affirming the OOJ's order which affirmed the claim administrator's denial of physical therapy for the lumbar spine. Here, the only compensable conditions are contusions of the left shoulder, left knee, and left wrist. Mr. Lacy did not protest the order holding these conditions compensable, nor did he seek to have additional conditions added to the claim. As such, Mr. Lacy's lumbar spine is non-compensable in this claim. Because an injury to the lumbar spine has not been held to

4

be a compensable condition, he is not entitled to treatment for it. Therefore, the Board did not err in affirming the OOJ's order which affirmed the claim administrator's denial of physical therapy for Mr. Lacy's non-compensable lumbar spine injury.

Accordingly, we affirm.

Affirmed.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen